OPINION
{¶ 1} Defendant-appellant Andrew D. Thomson appeals from a judgment of the Upper Sandusky Municipal Court finding him guilty of street racing.
 {¶ 2} On September 13, 2002, Thomson and Jamie L. Mattix both stopped their vehicles at a red light in Upper Sandusky. They were traveling on a four lane highway with two lanes traveling northbound. When the light turned green, both Thomson and Mattix pulled away from the light and accelerated. Their vehicles were traveling side by side, exceeding the posted speed limit of 25 mph.
 {¶ 3} At the time, Officer Andrew Silcox of the Upper Sandusky Police Department was stopped at an intersection further up the road. He testified that upon hearing tires squealing and engines racing, he pulled forward in order to see down the road. He saw Thomson's and Mattix's cars coming towards him. Officer Silcox testified that he got a radar reading on one of the vehicles, but he was not sure which one. The radar reading showed that the vehicles were traveling at a speed of 46 mph and accelerating to 50 mph. The officer stated that the vehicles did not slow down until they reached the point where the lanes merged. At that point, Thomson slowed and moved his vehicle to the left in order to avoiding hitting other vehicles parked alongside the road. Officer Silcox stopped both vehicles and cited both drivers for street racing, a violation of R.C. 4511.251. Neither driver was cited for speeding or any other traffic offense.
 {¶ 4} On December 26, 2002, the matter came to trial, with both Thomson and Mattix being tried in the same proceeding. At trial, Officer Silcox testified to the above facts. He testified that Thomson's only statement was that he was having a bad day. Mattix stated that she just wanted to get away from Thomson because she was uncomfortable with the way he had looked at her. Officer Silcox also testified that Thomson and Mattix denied knowing each other or ever having spoken. The officer did not ask either party what their intent had been.
 {¶ 5} Thomson then testified that he had glanced at Mattix's car while at a stop light and had not made eye contact with Mattix. He testified that he told his passenger, Emily Neidercore, that it was a nice car. He then proceeded down the street without paying further attention to Mattix. Thomson admitted that he knew the lanes merged further up the road and wanted to speed up in order to get in front of Mattix. When he realized that he would not be able to pass Mattix, he slowed down to pull in behind her. Thomson then noticed Officer Silcox's lights behind him and pulled to the side of the road. Thomson testified that he had never met Mattix prior to the trial and at no point did he intend to race Mattix. His testimony was corroborated by the testimony of Neidercore. Mattix also testified that she had never met Thomson prior to the trial and had never intended to race him in a competitive manner.
 {¶ 6} At the conclusion of the testimony, the trial court found Thomson and Mattix guilty of street racing. Both parties were sentenced to thirty days in jail (suspended), fined $150 plus court costs, received a ninety day license suspension with driving privileges after 30 days, and received six points on their licenses.
 {¶ 7} Thomson now appeals asserting one assignment of error for our review.
ASSIGNMENT OF ERROR
 Appellant's conviction was against the manifest weight of the evidence.
 {¶ 8} We have previously addressed the issues raised in this appeal in State v. Mattix[1] where we found, after a review of the record, that there was evidence to support the trial court's finding of guilt. On the authority of Mattix, we affirm the decision below. Accordingly, the appellant's assignment of error is overruled.
 {¶ 9} The judgment of the Upper Sandusky Municipal Court is affirmed.
Judgment affirmed.
WALTERS and SHAW, JJ., concur.
[1] Wyandot App. No. 16-03-02, 2003-Ohio-2383.